*E-FILED - 7/23/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN CHISM, | ) | No. C 06-0181 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| vs. | ) ) ) | |
| J.S. WOODFORD, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a California prisoner at San Quentin State Prison ("SQSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will dismiss allegations failing to state cognizable claims, dismiss several named defendants, dismiss without prejudice the unnamed defendant, and order service of the complaint on the remaining defendants.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976).

B.   Plaintiff's Claims

   1.   Use of Confidential Information

Plaintiff seeks injunctive relief to remove "confidential information" from his central file and asserts that prison officials violated their duty to keep such information private. Plaintiff does not cite to, and the court is not aware of, any federal right giving rise to such alleged actions as a cognizable claim under section 1983. As there is no alleged or apparent violation of federal law, plaintiff's request for injunctive relief with respect to the removal of confidential information and, relatedly, the creation of a "firm policy" to prevent misuse of such information, will not be granted under § 1983 as it fails to state a cognizable claim for relief. The dismissal of this claim does not mean that there cannot be liability for the deliberate use of confidential information to discriminate against or create a potential for harm to an inmate. See Plaintiff's Claims B.2 - B.4 below.

2. <u>Failure-to-Protect</u>

Plaintiff claims that prison officials violated their duty to maintain order and keep him safe by being deliberately indifferent to the inclusion of known homophobic inmates into plaintiff's population, knowing that plaintiff supported and befriended a homosexual inmate, in an attempt to provoke violence. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. <u>Id.</u> at 833. A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, <u>see</u> <u>Berg v. Kincheloe</u>, 794 F.2d 457, 459 (9th Cir. 1986); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody).

Liberally construed, plaintiff's allegation states a cognizable claim that defendants violated his Eighth Amendment rights by acting with deliberate indifference to the threat of serious harm or injury by another prisoner.

3. <u>Retaliation</u>

Plaintiff alleges that on several occasions, he filed prison grievances and, as a result, he was prevented from program advancements, served prolonged stays in the segregated housing units, was the victim of arranged assaults, was the subject of false charges, and suffered other various forms of retaliation for filing claims. The right of access to the courts extends to established prison grievance procedures. <u>See</u> <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such procedures as such filings are subsumed under the First Amendment. <u>See</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005).

Plaintiff also claims that such retaliation was not only because he filed grievances in support of his homosexual friend and inmate, but also because of his association with him (SAC

14, 66, 69). The right to equal protection includes the right not to be retaliated against because of a plaintiff's protected status. See Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994). In order to prove retaliation in violation of the Equal Protection Clause, a plaintiff must show that the defendants performed acts which operated to deprive plaintiff of his constitutional rights at least in part because of plaintiff's protected status. See id. at 1404-05.

Liberally construed, plaintiff's allegations regarding retaliation state a cognizable claim that defendants violated his Eighth and Fourteenth Amendment rights by retaliating against him for exercising his constitutional rights.

4.   Sexual Orientation Discrimination

Plaintiff claims that his association with and support of a homosexual inmate caused prison officials to unconstitutionally discriminate against him. See Romer v. Evans, 517 U.S. 620, 631-36 (1996). Liberally construed, plaintiff's allegations regarding sexual orientation discrimination states a cognizable claim that defendants violated his Fourteenth Amendment right to equal protection.

5.   Legal mail

Plaintiff claims that he suffered due process violations when a prison official opened up "legal mail" from the Marin County Superior Court that was addressed to his homosexual friend and inmate. Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998).

Furthermore, because the alleged "injury" was not suffered by plaintiff, but by his friend, plaintiff lacks standing to raise this claim. Standing is a threshold issue faced before reaching substantive matters. See Stoianoff v. Montana, 695 F.2d 1214, 1223-1224 (9th Cir. 1983). Federal courts have the power and the duty to raise the issue of standing sua sponte and to dismiss the action if standing is wanting. Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002). Accordingly, the court dismisses this claim for the failure to state and claim and for lack of standing.

### 6. Sexual Harassment Training

Plaintiff alleges that prison officials failed to adequately train and supervise all prison employees about sexual harassment and sensitivity training. Plaintiff does not cite to, and the court is not aware of, any federal right giving rise to such alleged actions as a cognizable claim under section 1983. As there is no alleged or apparent violation of federal law, plaintiff's request for relief for failing to provide sexual harassment and sensitivity training, will not be granted under § 1983 as it fails to state a cognizable claim for relief.

### C. Named Defendants

Plaintiff names several inmates as defendants and claims that they were acting as informants in a collective conspiracy with the prison officials. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). With the exception of plaintiff's conclusory allegations, see Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003), plaintiff does not show that the inmates were acting under the State's exercise of coercive power, received significant encouragement from the State for the activity, or operated as a willful participant in joint activity with the State. See Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001). As a result, he fails to demonstrate that the inmates were acting under color of state law. Cf. Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir. 1997) (identifying four tests for determining when the actions of a private individual amount to state action: the public function test; the joint action test; the state compulsion test; and the governmental nexus test). Accordingly, all claims against the named inmate defendants are dismissed without leave to amend.

### D. Doe Defendants

Plaintiff names "John Doe" as a defendant in his complaint. The use of Doe defendants

is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the Doe defendant are dismissed from this action without prejudice. Should plaintiff learn his identity through discovery, he may move to file an amendment to the complaint to add him as a named defendant. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The claims for injunctive relief with respect to confidential information and sexual harassment training, as described above, are DISMISSED for failure to state a claim upon which relief may be granted.

2. The claim for injunctive relief with respect to the opening of "legal" mail is DISMISSED for failure to state a claim upon which relief may be granted and for lack of standing.

3. All claims against STANLEY "TOOKIE" WILLIAMS, STEVE "TREACH" CHAMPION, ANTHONY "EVIL" ROSS, "KERN" WARD, DENNIS "HERC" BREWER, JACK HOVARTER, RICHARD BOYED, BILLY LOGERRA, COREY "GREG" STERN, CLEMON "EVIL" JOHNSON, "K.I." THOMAS, and CHRIS BOX are DISMISSED without leave to amend.

4. All claims against doe defendant are DISMISSED without prejudice and with leave to amend.

3. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **defendant J.S.WOODFORD, Warden, San Quentin State Prison ("SQSP); defendant T.P. GOUGHNOUR, Chief Deputy Warden, SQSP; defendant .**

1 **DACAWAY, Associate Warden, SQSP; defendant K. WILLIAMS, Facility Captain,**
2 **SQSP; defendant J.R. NUNEZ, Facility Captain, SQSP; defendant D. GRAHAM,**
3 **Correctional Lieutenant, SQSP; defendant J. VANBLARCOM, Correctional Sargeant,**
4 **SQSP; defendant A. RYGGS, Correctional Sargeant, SQSP; defendant C.D. GRANT,**
5 **Correctional Counselor; SQSP; defendant K.E. SERVANCE, Correctional Officer, SQSP;**
6 **defendant BICKMAN, Correctional Officer, SQSP; defendant G. BERRY, Correctional**
7 **Officer, SQSP; defendant L. CORRILLO, Correctional Officer, SQSP; defendant M.**
8 **COLLINS, Correctional Officer, SQSP; defendant S. SPEERS, Correctional Captain;**
9 **SQSP; defendant J. STOKES, Deputy Chief Warden, SQSP; defendant PITTS,**
10 **Correctional Sargeant, SQSP; and defendant A. CARIG; Correctional Officer, SQSP .** The
11 clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the complaint
12 to the California Attorney General's Office.

13    4.    No later than **ninety (90) days** from the date of this order, defendants shall file a
14 motion for summary judgment or other dispositive motion with respect to the cognizable claims
15 for failure to protect, retaliation, and sexual orientation discrimination in the complaint.

16        a.    If defendants elects to file a motion to dismiss on the grounds that plaintiff
17 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
18 defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
19 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert</u>. <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

20        b.    Any motion for summary judgment shall be supported by adequate factual
21 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
22 Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**
23 **<u>qualified immunity found, if material facts are in dispute. If any defendants are of the</u>**
24 **<u>opinion that this case cannot be resolved by summary judgment, they shall so inform the</u>**
25 **<u>court prior to the date the summary judgment motion is due.</u>**

26    3.    Plaintiff's opposition to the dispositive motion shall be filed with the court and
27 served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.
28

Order of Partial Dismissal; Order of Service; Order Directing Defendants to File Dispositive Motion or Notice
Regarding Such Motion
P:\pro-se\sj.rmw\cr.06\Chism181srv          7

1          a.    In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

    The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

    The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

    Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Order Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.06\Chism181srv         8

1  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a
2  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
3  without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges
4  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5      4.   Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's
6  opposition is filed.

7      5.   The motion shall be deemed submitted as of the date the reply brief is due.  No
8  hearing will be held on the motion unless the court so orders at a later date.

9      6.   All communications by the plaintiff with the court must be served on defendant,
10 or defendant's counsel once counsel has been designated, by mailing a true copy of the
11 document to defendant or defendant's counsel.

12     7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
13 No further court order is required before the parties may conduct discovery.

            IT IS SO ORDERED.
DATED: 7/22/08                    _Ronald M. Whyte_
                                  RONALD M. WHYTE
                                  United States District Judge

Order of Partial Dismissal; Order of Service; Order Directing Defendants to File Dispositive Motion or Notice
Regarding Such Motion
P:\pro-se\sj.rmw\cr.06\Chism181srv            9