*E-FILED - 12/9/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN CHISM, | ) | No. C 06-0181 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING PLAINTIFF TO |
| | ) | LOCATE UNSERVED DEFENDANTS |
| vs. | ) | |
| | ) | |
| J.S. WOODFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, a California prisoner at San Quentin State Prison ("SQSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. The court found cognizable three claims and ordered service upon eighteen defendants.

The United States Marshal attempted service upon these unserved defendants: Correctional Officer G. Berry, Correctional Officer Bickman, Chief Deputy Warden T.P. Goughnour, Correctional Captain S. Speers, Deputy Chief Warden J. Stokes, Correctional Officer A. Craig, Correctional Officer L. Corrillo, and Correctional Officer M. Collins at SQSP because that is where plaintiff indicated they were located. As to Berry, Bickman, Goughnour, Speers, and Stokes, the summons were returned unexecuted because the defendants were no longer at the facility. As to Craig, Corrillo, and Collins, the summons was returned unexecuted because there was "no such person."

Order Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.06\Chism181.4m.wpd

Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants. See Fed. R. Civ. P. 4(m). In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

Because plaintiff has not served the remaining defendants, nor provided sufficient information to allow the Marshal to locate and serve them, plaintiff must remedy the situation or face dismissal of his claims against said defendant without prejudice. See Walker, 14 F.3d at 1421-22. Accordingly, plaintiff must either cause service to be effectuated on defendants Correctional Officer G. Berry, Correctional Officer Bickman, Chief Deputy Warden T.P. Goughnour, Correctional Captain S. Speers, Deputy Chief Warden J. Stokes, Correctional Officer A. Craig, Correctional Officer L. Corrillo, and Correctional Officer M. Collins, or provide the court with their accurate and current location such that the Marshal is able to effect service upon them. Failure to do so within **thirty days** of the date this order is filed will result in the dismissal of the claims against those defendants without prejudice to plaintiff refiling his

1 complaint with such information.

2     IT IS SO ORDERED.

3 DATED:  12/5/08

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge