*E-FILED - 1/23/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN CHISM, | No. C 06-0181 RMW (PR) |
| Plaintiff, | ORDER DISMISSING UNSERVED DEFENDANTS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING MOTION FOR EXTENSION OF TIME; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| vs. | |
| J.S. WOODFORD, et al., | |
| Defendants. | |
| | (Docket Nos. 61, 62) |

Plaintiff, a California prisoner at San Quentin State Prison ("SQSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. The court found cognizable three claims and ordered service upon eighteen defendants. On December 9, 2008, the court directed plaintiff to locate unserved defendants or face dismissal. On December 29, 2008, plaintiff filed a response to the court's order, and also filed a motion for appointment of counsel and a motion for extension of time.

A.  Unserved Defendants

The United States Marshal attempted service upon these unserved defendants: Correctional Officer G. Berry, Correctional Officer Bickman, Chief Deputy Warden T.P. Goughnour, Correctional Captain S. Speers, Deputy Chief Warden J. Stokes, Correctional

Order Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.06\Chism181misc2.wpd

1  Officer A. Craig, Correctional Officer L. Corrillo, and Correctional Officer M. Collins at SQSP
2  because that is where plaintiff indicated they were located.  As to Berry, Bickman, Goughnour,
3  Speers, and Stokes, the summons were returned unexecuted because the defendants were no
4  longer at the facility.  As to Craig, Corrillo, and Collins, the summons was returned unexecuted
5  because there was "no such person."

6  Plaintiff filed a response in which he indicated that he could not locate some defendants
7  without the help of counsel.  Further, plaintiff added more specific information for Defendant A.
8  Carig (previously spelled "Craig"), Defendant Carrillo (previously spelled "Corrillo").   With
9  those corrections, the court orders service upon defendants Carig and Carrillo.

10  Plaintiff has requested dismissal of defendants Bickman, Crandle, Stokes, and Collins
11  with prejudice, and defendants K.E. Servance, Simons, and Pitts without prejudice.  The court
12  grants those requests for dismissal.

13  Further, plaintiff concedes that he is unable to locate the remaining unserved defendants
14  and requests dismissal of those defendants who are no longer working at San Quentin.  As such,
15  the court dismisses plaintiff's claims against defendants Berry, Goughnour, and Speers.

16  B.  Motion for Appointment of Counsel

17  Plaintiff's motion for appointment of counsel is DENIED for want of exceptional
18  circumstances.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see also Lassiter v.
19  Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a
20  civil case).  The issues in this case are not particularly complex and plaintiff has thus far been
21  able to adequately present his claims.  This denial is without prejudice to the court's sua sponte
22  appointment of counsel at a future date should the circumstances of this case warrant such
23  appointment.

24  C.  Motion for Extension of Time

25  Good cause appearing, plaintiff's motion for extension of time in which to file an
26  opposition to defendants' motion to dismiss is GRANTED.  Plaintiff's opposition, or statement
27  of non-opposition, will be due **no later than** February 16, 2009, and defendants **shall** file a reply
28  brief within 14 days of the date any opposition is filed by plaintiff.

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's request to dismiss his claims against defendants Bickman, Crandle, Stokes, and Collins is GRANTED. Defendants Bickman, Crandle, Stokes, and Collins are DISMISSED with prejudice.

2. Plaintiff's request to dismiss his claims against defendants K.E. Servance, Simons, Pitts, Berry, Goughnour, and Speers is GRANTED. Defendants K.E. Servance, Simons, Pitts, Berry, Goughnour, and Speers are DISMISSED without prejudice.

3. The clerk shall re-issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **defendants Correctional Officer A. Carig -- Badge # 54733 ID # 236888** and **Correctional Counselor of Condemned Inmates L. Carrillo, CCI** at **San Quentin State Prison**. The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

4. No later than **ninety (90) days** from the date of this order, defendants Carig and Carrillo shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims for failure to protect, retaliation, and sexual orientation discrimination in the complaint.

   a. If defendants elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the court and

Order Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.06\Chism181misc2.wpd          3

served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

      a.    In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a
2  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
3  without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges
4  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5        4.  Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's
6  opposition is filed.

7        5.  The motion shall be deemed submitted as of the date the reply brief is due.  No
8  hearing will be held on the motion unless the court so orders at a later date.

9        6.  All communications by the plaintiff with the court must be served on defendant,
10  or defendant's counsel once counsel has been designated, by mailing a true copy of the
11  document to defendant or defendant's counsel.

12        7.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
13  No further court order is required before the parties may conduct discovery.

14        This order terminates docket nos. 61 and 62.

15        IT IS SO ORDERED.
16  DATED:  1/22/09

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
17  United States District Judge