*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN CHISM, | ) | No. C 06-0181 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| vs. | ) | |
| | ) | (Docket No. 56) |
| J.S. WOODFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a California prisoner at San Quentin State Prison ("SQSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. The court ordered service on the defendants. Defendants filed a motion to dismiss the complaint based on plaintiff's failure to exhaust state remedies. Plaintiff filed an opposition. Defendants filed a reply. Having reviewed the pleadings, the court GRANTS defendants' motion to dismiss for failure to exhaust.[1]

**BACKGROUND**

From plaintiff's § 1983 complaint, the court ordered service of three of plaintiff's claims. Specifically, the court found cognizable the following allegations: (1) SQSP staff failed to protect plaintiff by being deliberately indifferent to the deliberate inclusion of known

---

[1] Because the court concludes that plaintiff failed to exhaust, it does not address defendants other arguments for dismissal.

Order Granting Defendants' Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.06\Chism181mtd.exh.wpd

homophobic inmates in his population in an attempt to provoke violence; (2) SQSP staff retaliated against him for filing prison grievances in support of his homosexual friend, Inmate Floyd Smith ("Inmate Smith"), and for associating with Inmate Smith, by preventing plaintiff from program advancements, making him serve prolonged stays in segregated housing units, arranging assaults on him, and subjecting him to false charges; and (3) SQSP staff subjected him to sexual orientation discrimination because of his support of and association with Inmate Smith.

## DISCUSSION

A.   Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. A complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[2] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

B.   Analysis

The Prison Litigation Reform Act ("PLRA") of 1995 was amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Exhaustion is a

---

[2] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the order of service.

prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Title 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Barry, 985 F. Supp. at 1237-38.

In their motion to dismiss, defendants state that prison records show only two inmate appeals initiated by plaintiff that potentially relate to any of plaintiff's cognizable claims in his complaint. (Mot., p. 4-5, 7-8.) In opposition, plaintiff responds that he has exhausted one of those inmate appeals, and that defendants failed to mention a group appeal which exhausted his other claims. (Opp., p. 2-4.) Plaintiff alleges that he participated in the group appeal, filed by Inmate Smith, which was submitted to the highest level. (Id.) The court reviews each of the three inmate grievance appeals to determine if any of them exhausted plaintiff's underlying claims.

    1.    Inmate Appeal CSQ-6-03-02063

Plaintiff submitted a grievance on June 18, 2003,[3] in which plaintiff complained that an

---

[3] Although plaintiff asserts that he first submitted his appeal on May 16, 2003, and then again on June 12, 2003, defendants reply, and the documents show, that both initial appeals were screened-out. (Reply, p. 6; Opp., Ex. C.)

Order Granting Defendants' Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.06\Chism181mtd.exh.wpd    3

1  inmate informant sent confidential information accusing plaintiff of misconduct to Lieutenant
2  Graham. (Opp., Ex. C.) The grievance further alleged that the accusation was false. (Id.)
3  Additionally, the grievance alleged that plaintiff viewed the confidential information as
4  "harassment and discrimination, and threat to [his] program." (Id.) As a remedy, plaintiff
5  requested that all confidential memoranda regarding the allegations from the informant be
6  removed from his file or investigated by an outside source. (Id.) On July 29, 2003, plaintiff's
7  appeal was considered and, "after a thorough investigation," denied. (Id.)

8  　　　In their motion to dismiss, defendants allege that plaintiff did not seek further review of
9  this appeal. (Padilla Decl., p.3, Ex. B; Grannis Decl., Ex. A.) In opposition, plaintiff asserts that
10 Defendant Williams told plaintiff to consider the appeal exhausted. (Opp., p. 3; Plaintiff's Decl.,
11 p. 2.) In their reply, defendants respond that plaintiff "can not be exempted from the
12 requirements of the PLRA based on an ambiguous statement that plaintiff could consider his
13 appeal exhausted." (Reply, p. 5.)

14 　　　A prisoner need not exhaust further levels of review once he has "been reliably informed
15 by an administrator that no more remedies are available." Brown v. Valoff, 422 F.3d 926, 935
16 (9th Cir. 2005). Here, plaintiff declares under penalty of perjury that Williams, the reviewer of
17 his appeal, told him to consider his appeal exhausted. Defendants have produced no declaration
18 or statement disputing that assertion. Nor have defendants produced any evidence demonstrating
19 why, in light of being orally informed that his appeal was exhausted, plaintiff should have
20 continued to appeal his grievance. See id. at 935 n.10 (noting that, "while over-exhaustion may
21 be wise so as to expedite later litigation," once a plaintiff has been informed that no more
22 remedies are available, a plaintiff is not required to continue to appeal). Accordingly, in light of
23 Williams' uncontroverted statement that plaintiff could consider the appeal exhausted, the court
24 concludes that plaintiff was not required to continue to appeal his grievance. See id. at 935.

25 　　　However, plaintiff's exhausted claim is not a cognizable claim, nor was it served upon
26 defendants in the court's order of service. Plaintiff's grievance complains that prison staff
27 should not have relied upon confidential information accusing plaintiff of misconduct, that
28 plaintiff believes such information was a form of harassment and discrimination, and, as such,

1  plaintiff requested removal of such information from his central file.  (Opp., Ex. C.)  On July 23,
2  2008, this court screened plaintiff's complaint, which included this claim, and dismissed this
3  claim for failure to state a cognizable claim for relief.  (Docket no. 10, p. 2.)

4  In addition, plaintiff's grievance does not exhaust any of the claims which were ordered
5  to be served upon defendants in the court's order of service.  (Id.)  Specifically, the grievance
6  does not state that the prison staff's reliance on the confidential information demonstrated a
7  failure to protect him by including homophobic inmates into his population; the grievance does
8  not state that the confidential information was submitted as a form of retaliation because plaintiff
9  associated with Inmate Smith; nor does the grievance state the confidential information was
10 submitted in order to discriminate against plaintiff because of Inmate's Smith's sexual
11 orientation.  (Opp., Ex. C; docket no. 10, p. 3-4.)  Even liberally construed, plaintiff's exhausted
12 inmate appeal CSQ-06-02063 does not have the same subject and same request for relief as the
13 claims raised in the present action.  See O'Guinn v. Lovelock Correctional Center, 502 F.3d
14 1056, 1062, 1063 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower
15 bunk due to poor balance resulting from a previous brain injury was not equivalent to, and
16 therefore did not exhaust administrative remedies for, claims of denial of mental health treatment
17 in violation of the Americans with Disabilities Act and Rehabilitation Act).

18 Because plaintiff's grievance did not have the same subject or request for relief as his
19 cognizable claims set forth in his complaint, the court concludes that this grievance did not
20 exhaust any of plaintiff's claims.

21     2.    Inmate Appeal CSQ-6-04-01799

22 Plaintiff submitted inmate appeal CSQ-6-04-01799 on June 28, 2004.  In this appeal,
23 plaintiff complained that Sargeant Rygg discussed plaintiff's alleged sexual misconduct with
24 another inmate, which violated plaintiff's right to privacy.  (Padilla Decl., Ex. C.)  The grievance
25 further stated that Rygg harassed and threatened plaintiff in an attempt to deter him from taking
26 part in a civil complaint.  (Id.)  On July 29, 2004, plaintiff's appeal was considered and denied.
27 (Id.)

28 Defendants allege that plaintiff did not seek further review of this appeal.  (Padilla Decl.,

Ex. A, C; Grannis Decl., Ex. A.) Plaintiff responds that he sent an appeal to the director's level, however, shortly after that, Sargeant Rygg ceased working in the East Block where plaintiff was housed, so plaintiff never followed up on the status of the appeal. (Opp., p. 4.) Plaintiff has not submitted any documentation that he appealed to the director's level, and, in plaintiff's declaration, he concedes that after Rygg stopped working in the East Block, "there was no need to search out my responce [sic] to the 3rd level. Because the threat no longer exzisted [sic] and was only to be used to show the pattern of East Block Staff misconduct and harassment and sexual orintation [sic] of plaintiff in this matter." (Plaintiff Decl., p. 5.)

Because plaintiff fails to submit any documentation that he appealed his grievance to the director's level, and concedes that he failed to exhaust his administrative remedies, the court concludes that plaintiff failed to exhaust. Wyatt, 315 F.3d at 1120. Accordingly, this grievance did not exhaust any of plaintiff's claims.

   3.   Inmate Appeal CSQ-6-03-01505

In his opposition, plaintiff asserts that inmate appeal CSQ-6-03-01505, submitted by Inmate Smith, was a group appeal that properly exhausted his claims. (Opp., p. 3; Plaintiff's Decl., p. 1.) However, a review of the "group appeal" documents submitted by plaintiff fails to demonstrate that plaintiff was a part of such appeal or that the appeal addressed any of the claims served in this underlying case. (Opp., Ex. B.)

The regulations governing inmate appeals require that inmates filing a group appeal use a 602 form for the appeal, with a legible list of the participating inmates' names, signatures, and certain identifying details attached. See Cal.Code Regs., tit. 15, § 3084.2(a), (f). Although plaintiff submits a copy of the 602 form, the eight attached pages of explanation, the decision from the first level appeal, the handwritten appeal from that denial, the decision from the second level appeal, and the decision from the director's level appeal, there is no required list of inmate names nor any other indication that the appeal was a "group appeal" or that plaintiff was an intended participant in the appeal. (Opp., Ex. B.)

Further, a review of the CSQ-6-03-01505 appeal papers reveals that none of plaintiff's underlying claims were raised. (Id.) In the first level appeal, the only mention of plaintiff in the

1  appeal papers is that plaintiff requested a cell switch and Inmate Smith alleges that the request
2  was denied because Inmate Smith is a homosexual.  (Id.)  However, the rest of the appeal papers
3  concern alleged harassment and sexual orientation discrimination specific to, and experienced
4  by, Inmate Smith.  (Id.)  In other words, none of the allegations in CSQ-6-03-01505, even
5  liberally construed, concern an allegation of a violation of plaintiff's federal rights.  More
6  importantly, even if this court could conclude Inmate Smtih's grievance was a "group appeal,"
7  none of the allegations in CSQ-6-03-01505 exhaust plaintiff's specific claims in this underlying
8  case.  See O'Guinn, 502 F.3d at 1062, 1063.
9  　　　　Accordingly, the court concludes that this grievance did not exhaust any of plaintiff's
10 claims.

## CONCLUSION

12 　　　　Based on the foregoing reasons, plaintiff's complaint is hereby DISMISSED without
13 prejudice for failure to exhaust administrative remedies (docket no. 56).
14 　　　　This order terminates docket no. 56.  The clerk shall terminate any remaining motions
15 and close the file.
16 　　　　IT IS SO ORDERED.
17 DATED:  __3/16/09__                          _Ronald M. Whyte_
　　　　　　　　　　　　　　　　　　　　　　　　RONALD M. WHYTE
18 　　　　　　　　　　　　　　　　　　　　　　　United States District Judge